Case Number: PC-2020-00809
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2020 9:44 AM
Envelope: 2453308
Reviewer: Carol M.

| | |
|---|---|
| **MARISA FARRI,** )<br>  Plaintiff ) | STATE OF RHODE ISLAND |
| ) | PROVIDENCE, S.C. |
| ) | SUPERIOR COURT |
| VS. ) | |
| ) | P.C. No.: |
| ) | |
| ) | CIVIL ACTION |
| **BANNISTER OPERATIONS** ) | |
| **ASSOCIATES, LLC,** ) | |
|   Defendant ) | |

## COMPLAINT

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION

### Nature of the Case

1. This Complaint is filed by Marisa Farri (hereinafter "Plaintiff"). She is filing this case against Bannister Operations Associates, LLC. She brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory and injunctive relief, attorney fees and other litigation expenses and other equitable relief, including but not exclusively back pay, as well as compensatory pay to remedy the unlawful discrimination in employment the Plaintiff has suffered on account of her age, in violation of the Rhode Island Civil Rights Act, RIGL §§ 42-112-1 *et seq.*, and the retaliation she suffered for complaining about not receiving overtime, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3).

### Parties

3. At all relevant times, the Plaintiff was a resident of the City of Cranston, County of Providence, State of Rhode Island. She at all times relevant hereto was an

Case Number: PC-2020-00809
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2020 9:44 AM
Envelope: 2453308
Reviewer: Carol M.

"employee" of Bannister Operations Associate's, LLC. as that term is defined by 29 U.S.C. § 203 (e ) and she was a party to an employment contract with Defendant pursuant to RIGL § 42-112-1 *et seq*.

4. Defendant Bannister Operations Associated, LLC is a Rhode Island Domestic Corporation. Defendant is an "employer" as that term is defined by 29 U.S.C. §203 (d).[1] and it did employ Plaintiff for a period of time, and it was a party to an employment contract with Plaintiff pursuant to RIGL § 42-112-1 *et seq*.

## Jurisdiction and Venue

5. This Court has jurisdiction over the Plaintiff's Rhode Island Civil Rights Act claim pursuant to RIGL § 42-112-2.

6. This Court has concurrent jurisdiction over Plaintiffs' FLSA claim.

7. Venue is proper in this Court since the alleged unlawful employment practices occurred in Providence County, and the Defendant operates a facility in Providence County

## Material Facts

8. Plaintiff is 45 years old and was 43 years old at the time of her termination by Defendant.

9. Ms. Farri worked as a licensed occupational therapist assistant for Bannister from February 2014 through the date she was terminated on March 20, 2018.

10. During her entire tenure at Bannister Plaintiff performed her job satisfactorily.

11. Despite performing her job well while employed by Defendant, she was terminated on March 20, 2018.

12. When Plaintiff was terminated from her position, she was replaced by an employee who was substantially younger than she is.

Case Number: PC-2020-00809
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2020 9:44 AM
Envelope: 2453308
Reviewer: Carol M.

Case 1:20-cv-00242-WES-LDA   Document 1-1   Filed 05/29/20   Page 3 of 5 PageID #: 6

3

13. It is Plaintiff's information and belief that she was terminated by Defendant so they could replace her with a substantially younger employee. This is age discrimination.

14. On numerous occasions, up until Plaintiff's termination, Plaintiff made complaints about not receiving the proper overtime pay from Defendant.

15. Plaintiff's complaints were made in good faith and they were legitimate as is evidenced that at some point after she was terminated, Defendant did pay her some of the overtime she was owed.

16. It is Plaintiff's information and belief that she as terminated on March 20, 2018 by Defendant because she had complained about not being properly compensated by Defendant.

*FIRST CAUSE OF ACTION*
*Age Discrimination*

RIGL §§ 42-112-1 *et seq*.

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 of this Complaint with the same force and effect as if set forth herein.

18. Defendant terminated Plaintiff because they wanted to replace her with a substantially younger employee. Since Plaintiff is over 40, this is age discrimination in violation of the Rhode Island Civil Rights Act, RIGL, § 42-112-1 *et seq.*

19. As a direct and proximate cause of said acts, Plaintiff suffered and continues to suffer loss of income, loss of other employment benefits, and has suffered and

Case Number: PC-2020-00809
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2020 9:44 AM
Envelope: 2453308
Reviewer: Carol M.

Case 1:20-cv-00242-WES-LDA   Document 1-1   Filed 05/29/20   Page 4 of 5 PageID #: 7

4

continues to suffer emotional distress, humiliation, great expense, embarrassment, and damage to her reputation, and loss of enjoyment of life.

## SECOND CAUSE OF ACTION

*Retaliatory Discharge*

(FLSA), 29 U.S.C. § 215(a)(3).

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if set forth herein

21. The Defendant terminated Plaintiff because she complained about not receiving the proper overtime she was entitled to under the FLSA, which is in violation of (FLSA), 29 U.S.C. § 215(a)(3).

22. As a direct and proximate cause of said acts, Plaintiff suffered and continues to suffer loss of income, loss of other employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment, damage to her reputation, and loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court to enter judgment:

a. Declaring the acts and practices complained herein were in violation the Rhode Island Civil Rights Act, RIGL 42-112-1 *et seq.* and the FLSA, 29 U.S.C. § 215(a)(3);

b. Enjoining and permanently restraining the Defendant from violations of the Rhode Island Civil Rights Act and the FLSA;

c. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

Case Number: PC-2020-00809
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2020 9:44 AM
Envelope: 2453308
Reviewer: Carol M.

Case 1:20-cv-00242-WES-LDA   Document 1-1   Filed 05/29/20   Page 5 of 5 PageID #: 8

5

d.  Directing Defendant to make Plaintiff whole for all earnings she would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, and employee benefits;

e.  Awarding Plaintiff liquidated damages as is provided for under the FLSA;

f.  Awarding Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

f.  Awarding Plaintiff, the cost of this action together with reasonable attorney's fees and expert witness fees, as provided by Rhode Island Civil Rights Act and the FLSA;

g.  Granting such other and further relief as this court deems necessary and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
By Plaintiff's Attorney,

/s/ Richard J. Savage
Richard J. Savage (#5448)
SAVAGE & SAVAGE
156 Airport Road
Warwick, RI 02889
Telephone: (401) 732-9500
Fax: (401) 732-0166
Dated: January 31, 2020